IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>MARSHALL COLE BUCK ELK ,<br><br>Defendant. | Case No. CR-24-22-GF-BMM<br><br>AMENDED ORDER |

    Defendant Marshall Buck Elk's (Buck Elk) Motion to Continue Trial (Doc. 28) is now before the Court.  Plaintiff has no objection.

    Buck Elk requests a 90 day continuance of the current trial setting of August 13, 2024.  Buck Elk's motion states that additional time is needed to allow time necessary for a full investigation of the case and preparation for trial (*Id*.) Because of these factors a continuance is warranted.

    A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A).  In determining whether an

"ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Buck Elk is charged with Transfer of Obscene Material to a Minor, in violation of Title 18 U.S.C. §1470. The crimes allegedly occurred in or between January 2022 and November 4, 2022, at or near Fort Kipp in Roosevelt County, and within the exterior boundaries of the Fort Peck Indian Reservation and elsewhere. If convicted, Buck Elk faces a maximum sentence of ten years in prison.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A),

(B)(I) and (B)(ii).  The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial.  The failure to grant a continuance would deny Buck Elk and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice.  Accordingly,

**IT IS HEREBY ORDERED** that Buck Elk's Unopposed Motion to Continue Trial (Doc. 28) is **GRANTED.  IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for August 13, 2024, are **VACATED**.

The following schedule shall apply.  The final pretrial conference is rescheduled for **Tuesday, November 12, 2024 at 8:30 a.m.**  The parties are to report to the chambers of the undersigned.  The jury trial is rescheduled for **Tuesday, November 12, 2024 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana.  The motions deadline is **October 14, 2024**.  The plea agreement/notice of intent to proceed to trial deadline is **October 29, 2024.**  Expert reports are due on or before **October 31, 2024.** The Jury Instructions and Trial Briefs are due by **November 5, 2024.**

**All time between the date of this order and November 12, 2024, shall be excluded for purposes of speedy trial**.

DATED this 24th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court