IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MARSHALL COLE BUCK ELK, Defendant. | CR 24-22-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Marshall Cole Buck Elk (Buck Elk) has been accused of violating conditions of his supervised release. (Docs. 64 and 67). Buck Elk admitted the alleged violations. Buck Elk's supervised release should be revoked. Buck Elk should be sentenced to custody for 4 months, with 32 months of supervised release to follow.

## II. Status

On November 6, 2024, Buck Elk pleaded guilty to the offense of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470 as charged in Count 1 of the Indictment. (Doc. 43). The Court sentenced Buck Elk to Time Served

followed by 3 years of supervised release. (Doc. 59). Buck Elk's current term of supervised release began on March 4, 2025.

### Petition

On August 25, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Buck Elk's supervised release. (Doc. 64). The Petition alleged Buck Elk violated conditions of his supervised release by: (1) failing to comply with sex offender treatment on July 16, 2025 and July 28, 2025; (2) using methamphetamine on August 21, 2025; and (3) being terminated from the Residential Re-entry Center in Billings, Montana on August 25, 2025, for failing to maintain employment, sobriety issues and for absconding, with his whereabouts unknown as of September 9, 2025.

### Amended Petition

On September 9, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Buck Elk's supervised release. (Doc. 67). The Amended Petition alleged Buck Elk violated conditions of his supervised release by the added violation of: (4) testing positive for methamphetamine and marijuana on September 9, 2025.

### Initial Appearance

Buck Elk appeared before the Court on September 24, 2025. Buck Elk was represented by counsel. Buck Elk stated that he had read the Amended Petition and

that he understood the allegations against him. Buck Elk waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on September 24, 2025. Buck Elk admitted that he had violated the conditions of supervised release as set forth as allegations 1-4 in the Amended Petition. Buck Elk's admitted violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Buck Elk appeared before the Court on September 24, 2025. Buck Elk's violation is Grade C. His criminal history category is I. Buck Elk's underlying offense is a Class C felony. Buck Elk could be incarcerated for up to 24 months. Buck Elk could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Buck Elk's supervised release should be revoked. Buck Elk should be sentenced to custody for 4 months, with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Buck Elk that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Buck Elk of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Buck Elk that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That MARSHALL COLE BUCK ELK has violated the conditions of his supervised release by: (1) failing to comply with sex offender treatment on July 16, 2025 and July 28, 2025; (2) using methamphetamine on August 21, 2025; (3) being terminated from the Residential Re-entry Center in Billings, Montana on August 25, 2025, for failing to maintain employment, sobriety issues and for absconding, with his whereabouts unknown as of September 9, 2025; and (4) testing positive for methamphetamine and marijuana on September 9, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Buck Elk's supervised release and sentence Buck Elk to custody for 4 months, with 32 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge

will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of September 2025.

/s/ John Johnston
John Johnston
United States Magistrate Judge